# Re Petition of Margaret Shawhan for a Private Road in Scott Township.

The record in proceedings to lay out a private road must show that the owner, over whose lands the proposed road must pass, had notice of the time and place of meeting of viewers, and the assessment of damages; and where notice does not appear by the records the proceedings will be set aside on certiorari.

(Argued October 27, 1886.   Decided November 15, 1886.)

October Term, 1886, No. 62, W. D., before GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Certiorari to Quarter Sessions of Allegheny County to review the record of the court laying out and opening a private road.   Reversed.

Upon the petition of Margaret Shawhan asking for a private

NOTE.—There must be personal notice to the owner of the time and place of the view. *Re* Road, 110 Pa. 544, 1 Atl. 431; *Re* Private Road, 112 Pa. 183, 5 Atl. 383; *Re* Road, 4 Montg. Co. L. Rep. 11. So it must appear that the owner had personal notice of the meeting to assess damages (*Re* Harbaugh's Road, 8 Pa. Co. Ct. 671; *Re* Thompson's Private Road, 154 Pa. 541, 25 Atl. 814; *Re* Private Road, 14 Pa. Co. Ct. 436, 7 Kulp, 245); or the guardian if the owner is a minor (*Re* Neeld's Road, 1 Pa. St. 353). It is not enough to say that an application was made to the owner for a release of damages. *Re* Private Road, 112 Pa. 183, 5 Atl. 383; *Re* Road, 5 Kulp, 115. If in fact the notice was given, the report may be recommitted for correction, or there may be a re-reference. *Re* Thompson's Private Road, 154 Pa. 541, 25 Atl. 814.

road "from the Bower Hill public road to the dwelling house of the petitioner," viewers were appointed who returned a private road "beginning on Mrs. Margaret Shawhan's land, near the stable, through improved land of Mrs. Blume  .  .  .  to the Bower Hill public road." Damages were assessed to Mrs. Blume.

The return contained no reference to notice of the view.   On December 15, 1885, this report was confirmed absolutely and order to open issued.   On February 15, 1886, this writ was taken out by Mrs. Blume.   Margaret Shawhan moved the court to quash the writ for the following reasons:   1, no exceptions were made to the report in the court below; and 2, the writ in this court does not set out the termini of the road.

It is stated in the paper book of the defendant in error, that this writ simply recited the title of the case given.   It seems that the case was docketed and indexed by this title.

The assignments of error specified the action of the court: 1, in confirming the report when it did not set forth that Mrs. Blume, the landowner, had notice of the time and place of the meeting; 2, or of the assessment of damages; 3, in permitting the order to open to issue in such case; and 4, the record does not show that Mrs. Blume had any notice of the petition or of any subsequent proceedings.

*Lazear & Orr,* for Mrs. Blume, plaintiff in error.—Personal notice of the time and place of view and assessment of damages is necessary.   *Re* Neeld's Road, 1 Pa. St. 353; *Re* Road, 110 Pa. 544, 1 Cent. Rep. 560, 1 Atl. 431; *Re* Private Road, 112 Pa. 183, 2 Cent. Rep. 349, 5 Atl. 383.

The notice must appear by the records.   *Re* Boyer's Road, 37 Pa. 257.

The jurisdiction of the court must appear by the record, without which the judgment is void.   Com. v. Green, 4 Whart. 568; McKee v. McKee, 14 Pa. 237; Richards v. Rote, 68 Pa. 248.

The court will take notice of a radical error, patent on the face of the record, although no exceptions were taken in the court below.   *Re* Bean's Road, 35 Pa. 280; Galbraith v. Green, 13 Serg. & R. 95.

When it is said that all irregularities and errors to which exceptions are not taken in the quarter sessions will be considered as waived, the court must be understood as excepting such as ap-

pear on the face of the record. *Re* Frankstown Twp. Road, 26 Pa. 472. See also Lacock v. White, 19 Pa. 498.

*C. C. Taylor* and *O. P. Robertson,* for Margaret Shawhan, defendant in error.—In a road case this court will not reverse for an objection which was not brought to the notice of the court below. *Re* Road, 17 Pa. 116; *Re* Lower Merion Twp. Road, 18 Pa. 238.

A certiorari to remove a road case must set out its beginning and ending, otherwise it will be quashed. *Re* Road, 4 Yeates, 433.

*Lazear & Orr,* in reply.—In *Re* Road, the certiorari described one road; while the proceedings in a different road were brought before this court. Proceedings were then described in that way in the docket and index. They are not now.

The termini in the petition here do not correspond with those of the report, and they are not definite.

Per Curiam:

It has been so repeatedly ruled by this court that upon the laying out of a private road, the owner, over whose land the proposed road is to pass, must not only have personal notice of the time and place of the meeting of the viewers, who are appointed to lay out such road, but also of the time and place when and where the damages are to be assessed, that we think both courts and counsel should now fully understand this matter. Unless such notices are given, and appear of record, the court is without jurisdiction, and its action, confirmatory of the view, is *ultra vires,* and void.

The proceedings and decree of the Quarter Sessions are reversed and wholly set aside.